## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSEMARY HINOJOSA MULLINS, individually and as guardian ad litem for minor K.A.M.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**COUNTY OF FRESNO, et al.,**<br><br>**Defendants** | CASE NO. 1:21-CV-0 405AWI SAB<br><br>**ORDER VACATING APRIL 19, 2021 HEARING AND ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 3) |

This removed matter is a civil rights case that stems from a fatal encounter between decedent Kenneth Mullins and members of the Fresno County Sheriff's Department. Currently before the Court Defendant's Rule 12(b)(6) motion to dismiss. Hearing on this motion is set for April 19, 2021.

*Background*

On March 12, 2021, Defendants removed this matter from the Fresno County Superior Court.

On March 19, 2021, Defendants filed a Rule 12(b)(6) motion to dismiss.

On March 22, 2021, Defendants filed an amended memorandum in support of their Rule 12(b)(6) motion.

On April 9, 2021, Plaintiffs filed a First Amended Complaint ("FAC").

*Discussion*

Under Rule 15(a)(1)(B), "A party may amend its pleading once as a matter of course: . . . (B) if the pleading is one to which a responsive pleading is required . . . 21 days after service of a motion under Rule 12(b) . . . ." This rule confers upon a party a right to amend, the only limitations being those found within Rule 15(a)(1) itself. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1007-08 (9th Cir. 2015). Some courts have used the term "absolute right" in describing a party's ability to amend under Rule 15(a)(1). E.g. In re Alfes, 709 F.3d 631, 639 (6th Cir. 2013); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010); James Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282-83 (D.C. Cir. 2000). "[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent" and as no longer performing any function in the case. Ramirez, 806 F.3d at 1008; see also Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1989).

Here, Plaintiffs filed their FAC on the twenty-first day after Defendants filed their Rule 12(b)(6) motion. Therefore, the FAC was timely under Rule 15(a)(1)(B). Because the FAC was timely filed, the FAC is the operative complaint, and the original complaint is now non-existent and performs no function in this case. See id. Because Defendants' Rule 12(b)(6) motion is attacking a now non-existent complaint, the Rule 12(b)(6) motion is moot. See Ramirez, 806 F.3d at 1008; Hal Roach Studios, 896 F.2d at 1546.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' Rule 12(b)(6) motion to dismiss (Doc. No. 3) is DENIED as moot; and
2. The April 19, 2021 hearing on Defendants' now moot Rule 12(b)(6) motion is VACATED.

IT IS SO ORDERED.

Dated:   April 14, 2021                                    _____
                                                                                 SENIOR DISTRICT JUDGE