1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY HINOJOSA MULLINS, | Case No. 1:21-cv-00405-AWI-SAB |
| Plaintiffs, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 27) |
| COUNTY OF FRESNO, et al., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

**1.    INTRODUCTION**

    1.1    <u>Purposes and Limitations</u>

Disclosure and discovery activity in this action are likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Pursuant to Eastern District Local Rule 141.1(c), the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

1    1.2     Good Cause Statement

2        Some of the material expected to be exchanged between the parties is information that is

3    not generally available to the public, and that is maintained in confidence by the Producing Party.

4    Special protection from public disclosure and from use for any purpose other than prosecution of

5    this Action is warranted.

6        Unrestricted or unprotected disclosure of such confidential or personal information would

7    result in prejudice or harm to the Producing Party as well as third parties whose personal

8    information may be contained therein by revealing sensitive confidential information, which has

9    been developed at the expense of the Producing Party. Additionally, privacy interests must be

10    safeguarded.

11        A Protective Order is sought so the documents and information can be used by the parties

12    in preparation for trial and shared with witnesses and expert witnesses, who would not be subject

13    to a private agreement between the parties.

14        It is the intent of the parties that information will not be designated as confidential for

15    tactical reasons and that nothing will be so designated without a good faith belief that there is

16    good cause why it should not be part of the public record of this case.

17        The parties acknowledge that this Order does not confer blanket protections on all

18    disclosures or responses to discovery and that the protection it affords from public disclosure and

19    use extends only to the limited information or items that are entitled to confidential treatment

20    under the applicable legal principles. The parties further acknowledge, as set forth in Section

21    12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

22    information under seal. Local Rule 141 sets forth the procedures that must be followed and the

23    standards that will be applied when a party seeks permission from the court to file material under

24    seal.

25    **2.    DEFINITIONS**

26        2.1  Challenging Party: A Party or Non-Party that challenges the designation of

27    information or items under this Order.

28        2.2 "Confidential" Information or Items: Information (regardless of how it is generated,

stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 <u>Counsel</u>: Attorneys (and their support staff) who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery. The information or items shall be clearly identified as follows: CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, Rosemary Hinojosa Mullins, *et al.* v. County of Fresno, *et al.*, E.D. Cal. Case No. 1:21-cv-00405-AWI-SAB or HIGHLY CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER, Rosemary Hinojosa Mullins, *et al.* v. County of Fresno, *et al.*, E.D. Cal. Case No. 1:21-cv-00405-AWI-SAB.

2.5 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 "<u>Highly Confidential – Attorneys' Eyes Only</u>" Information or Items: Extremely sensitive Confidential Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 <u>Party</u>: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.10 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.11 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.13 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to

1 | applicable law.

2 | **5.     PROTECTED MATERIAL**

3 | 5.1 Protected Materials

4 | The parties shall produce the confidential material, subject to this Protective Order on the

5 | following conditions:

6 | (a)     Documents Subject to Disclosure Limited to This Action. The parties

7 | anticipate documents to be discovered in this case include Fresno County Sheriff's and Fresno

8 | County records such as internal investigation reports, policies, and autopsy photographs;

9 | personnel records of Fresno County employees; and HIPAA protected medical and mental health

10 | records relating to Plaintiffs. Defendants, for example, assert that the personnel records of Fresno

11 | County employees are protected by Government Code § 3300, *et seq*., the federal common law

12 | qualified privilege known as the Official Information Privilege, California Evidence Code § 1040,

13 | *et seq*., California Penal Code §§832.7 and 832.8, the Right to Privacy of the defendant reserve

14 | deputies and third-party non-defendant Fresno County Sheriff's Office employees, victims,

15 | witnesses, suspects, and minors as guaranteed by the United States Constitution and the

16 | California Constitution (Cal. Const., Art. 1, §1) and intend to designate those documents under

17 | the protective order. Plaintiffs reserve the right to challenge the assertion of any privilege in

18 | connection with the subject documents but agree to this protective order to facilitate the exchange

19 | of the subject material. The confidential documents and the information contained therein shall be

20 | used solely in connection with this litigation, including appeals, and not for any other purpose,

21 | including other litigation.

22 | (b)     Redaction of Confidential Information. Considering the privacy concerns

23 | contained in the personnel and Internal Investigation Records, Defendants shall redact the

24 | identities of minors or domestic violence victims and personal identifying information (social

25 | security numbers, month and day of birth, driver's license number, home addresses, account

26 | numbers, and telephone numbers).

27 | 5.2 Manner and Timing of Designations.

28 | Except as otherwise provided in this Order, or as otherwise stipulated or ordered,

5

disclosure or discovery of material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the designation pursuant to Section 2.4 above, to each page that contains protected material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). Where a document is produced in native format (e.g., an Excel spreadsheet), the Producing Party must include the "CONFIDENTIAL" Or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation in the title of the produced document.

5.3 Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless

a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>.

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for

doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The court and its personnel and court reporters and their staff;

(e) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Witnesses shall not leave the deposition with a copy of CONFIDENTIAL documents unless expressly agreed to on the record by the Designating Party.

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

9

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) The court and its personnel and court reporters and their staff;

(d) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Witnesses shall not leave the deposition with a copy of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY documents unless expressly agreed to on the record by the Designating Party.

(f) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are also applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a

11

determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A and (e) state in writing all efforts the Receiving Party made to retrieve the unauthorized copies.

**11.    INADVERTENT PRODUCTION OF PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.    MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>.

Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply

with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party intends to file Protected Material with the Court, the Receiving Party must give the Producing Party at least seven calendar days' notice so that the Producing Party can file a Request to Seal Documents.  If the Producing Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: _____, 2022                     WEAKLEY & ARENDT
                                            A Professional Corporation


                                     By:    /s/_____
                                            James D. Weakley
                                            Brande L. Gustafson
                                            Attorneys for Defendants, County of Fresno,
                                            Deputy Chris Curtice, & Deputy Alex Riordan

13

1

DATED: _____, 2022                    WAGNER LAW GROUP, PC
2                                           LAW OFFICE OF MARK SCHALLERT

3
                                       By:  /s/_____ (As authorized on 4/  /22)
4                                           Nicholas J.P. Wagner
                                            David Douglas Doyle
5                                           Mark Schallert

6      ///

7      ///

8      ///

9      ///

10     ///

11     ///

12     ///

13     ///

14     ///

15     ///

16     ///

17     ///

18     ///

19     ///

20     ///

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27     ///

28     ///

14

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order filed on November 8, 2022 (ECF No. 27) is ENTERED;

2. The provisions of the parties' stipulation and this protective order shall remain in effect until further order of the Court;

3. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

4. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

5. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   __November 14, 2022__

_____
UNITED STATES MAGISTRATE JUDGE