# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY HINOJOSA MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:21-cv-00405-NODJ-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE; MODIFYING SCHEDULING ORDER; AND VACATING PRETRIAL CONFERENCE AND TRIAL DATES<br><br>(ECF Nos. 39, 40, 41) |

## I.

## INTRODUCTION

On December 20, 2023, the Court held an informal discovery dispute hearing. (ECF Nos. 39, 40, 41.) At the hearing, the Court ordered the parties to file a response indicating how the parties intended to proceed on certain issues concerning this order, on or before the close of business on December 21, 2023. (ECF No. 41.) No filing was made nor did the parties contact the Court. Accordingly, based on the joint letter brief of the parties (ECF No. 40), the arguments presented at the hearing held on December 20, 2023, and the failure of the parties to file a response with the Court despite being ordered to do so, the Court issues the following order concerning the parties' informal discovery dispute.

///

1

## II.

## LEGAL STANDARD

Pursuant to the undersigned's procedures for informal discovery dispute resolution, the parties may stipulate to allow for the resolution of discovery disputes outside of the formal Local Rule 251 procedures by conducting an informal conference. Prior to conducting such conference, the parties must agree to the informal process, agree to an entry of an order by the Court after the conference, and agree to abide by such order.

Rule 26 provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. Id. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Depositions are governed by Federal Rule of Civil Procedure 30, which states in relevant part:

> **(a) When a Deposition May Be Taken.**
>
> > **(1)** *Without Leave.* A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45.
> >
> > **(2)** *With Leave.* A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2):
> 
> > **(A)** if the parties have not stipulated to the deposition and:
> > 
> > > **(i)** the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants;
> > > 
> > > **(ii)** the deponent has already been deposed in the case; or

2

>>**(iii)** the party seeks to take the deposition before the time specified in Rule 26(d), unless the party certifies in the notice, with supporting facts, that the deponent is expected to leave the United States and be unavailable for examination in this country after that time; or
>
>**(B)** if the deponent is confined in prison.

Fed. R. Civ. P. 30. "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30)(b)(4).

The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of annoyance, embarrassment, oppression, or undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c).

### III.

### DISCUSSION

**A.    Issue No. 1: Deposition of Minor Plaintiff**

The first issue presented is whether the Defendants may set the minor Plaintiff K.M.'s deposition to be held in person instead of by zoom.[1]

Plaintiffs, although they question even the necessity of taking the minor's deposition because of mental health concerns, have offered to have the minor appear by Zoom since the method is the least intrusive. Plaintiffs argue the mental health concerns are very real as both the minor's mother and grandmother, who see her on a regular basis, believe that an in person deposition will needlessly traumatize the child; and Plaintiffs also have obtained an opinion by a

---

[1] The parties' letter brief refers to the minor Plaintiff by her full name in apparent contravention to Federal Rule of Civil Procedure 5.2 and Local Rule 140. The Court directs the parties to consider the privacy protections for filings made with the Court provided under Rule 5.2 and Local Rule 140. Unless the Court orders otherwise, "when filing documents, counsel and the Court shall omit or, where reference is necessary, partially redact [minors' names] from all pleadings, documents, and exhibits…" L.R. 140(a)(i). Specifically, "in civil actions[,] use initials when federal or state law *require* the use of initials, or when the specific identity of the minor is not necessary to the action or individual document." Id. (emphasis in original). Notably, the Court will not "as a matter of course seal on its own motion documents containing personal data identifiers, or redact documents, whether filed electronically or on paper." L.R. 140(e). This order will refer to the minor Plaintiff as K.M.

psychologist to the same effect.

Defendants argue that they should be allowed to take a party's deposition in person where that person will testify in-person at trial to evaluate the kind of witness they will make at trial; that the minor is currently 9 years old; that she was not present and did not witness any part of the incident involving her father Kenneth Mullins ("the decedent") and Fresno County Sheriff's deputies or reserve deputies; that according to deposition testimony of plaintiff Rosemary Hinojosa Mullins, the last time the decedent had seen his daughter was approximately two years prior to his death; and this makes it less likely that an in-person deposition would be more traumatizing than a Zoom deposition. Additionally, during meet and confer efforts, defense counsel suggested that an in-person deposition would not be necessary if the Plaintiffs were not intending to have Kayla testify at trial.

In the Court's experience, with essential witnesses that will be called at trial, depositions conducted by videoconference present numerous issues, some of which may be exacerbated when the witness is a minor. The Court is cognizant that there may be certain cases where the subject matter of the testimony sought may be so traumatic to a minor as to necessitate certain restrictions. The Court does not find the Plaintiffs have demonstrated that a remote video deposition is necessary. See Fed. R. Civ. P. 30)(b)(4). Nor does the Court find sufficient demonstrated cause to limit the discovery to avoid annoyance, embarrassment, oppression, or undue burden or expense. See Fed. R. Civ. P. 26(c).

The Court shall grant Defendants' request to notice the deposition to be held in person, subject to the parties making the best efforts to agree as to the protections that can be put in place to make the environment itself as comfortable as possible, and to set in place any other parameters as to the manner of questioning that may ensure the minor is not exposed to unnecessary stress, such as having the grandmother present in person.

Another issue was the logistics of Plaintiffs' counsel availability to be in California, and the Court agreed to extend the nonexpert discovery deadline to accommodate such scheduling, as well as other dates and deadlines. Further, at the conference, the Court indicated the parties should notify the Court as to the date chosen, so that the Court may make itself available in case

an issue arises during the day of the deposition, to ensure any disputes concerning the environment or questioning of the minor are addressed at the earliest possible juncture, and any issues for the minor may be minimized.

### B. Issue No. 2: Deposition of Sheriff Mims Above Limit of Ten Depositions

The second issue presented in the joint letter brief is whether Plaintiffs may have leave to notice former Sheriff Margaret Mims for a deposition as one of three potential depositions over the 10 allowed without leave of court.

At the hearing, the Court discussed various issues and potential courses of action for the parties, including whether Plaintiffs may wish to request to take another 30(b)(6) witness as one of the remaining depositions under the limit of ten, as to set a foundation for whether the deposition of Mims would be necessary above the limit of ten. The Defendants indicated they would agree to the depositions of the remaining officers and witnesses, that would bring the total depositions to 12, but would not agree to allow more than 10 total depositions if one of the depositions is Mims.

At the hearing, the Court ordered the parties to provide a response indicating, most importantly, as to whether Plaintiffs intended to proceed on the basis are requesting to take an additional 30(b)(6) witness as one of the remaining depositions within the limit of 10, or are proceeding in this dispute on another basis. Because the parties, and most significantly as to this issue, the Plaintiffs, never provided a response following the informal conference, as ordered by the Court, the Court will not grant leave to conduct an additional 30(b)(6) deposition, nor grant leave to conduct the deposition of Mims as a witness above the presumptive limit of ten. Rather, Plaintiff may take the deposition of Mims as one of the 10 allowed depositions, or the parties may stipulate to an agreement as to the remaining officer and witness depositions above the limit of 10, whether or not such witnesses include Mims.

Because the parties never responded to the Court's request for a response regarding the remaining depositions, the Court only extends the non-expert discovery deadline for the deposition of K.M. All other remaining depositions are subject to the current nonexpert discovery deadline of January 12, 2024.

5

## IV.

## ORDER

Accordingly, based on the joint letter brief of the parties (ECF No. 40), the arguments presented at the hearing held on December 20, 2023, and the failure of the parties to file a response with the Court despite being ordered to do so, IT IS HEREBY ORDERED that:

1. Defendants' request to conduct the deposition of minor Plaintiff K.M. in person is GRANTED[2];

2. The Plaintiffs' request to conduct the deposition of Sheriff Margaret Mims, *as a deposition above the limit of 10 depositions*, is DENIED;

3. The scheduling order issued on May 8, 2023, is modified as follows:

    a. Nonexpert Discovery Deadline *for the deposition of Plaintiff K.M. only*: March 22, 2024;

    b. Expert Disclosure: April 22, 2024;

    c. Supplemental Expert Disclosure: June 21, 2024;

    d. Expert Discovery: July 22, 2024;

    e. Dispositive Motion Filing Deadline: August 21, 2024;

    f. The Pretrial Conference set for September 23, 2024, and the Trial set for December 3, 2024, are VACATED.

IT IS SO ORDERED.

Dated:   **December 22, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[2] Again, the parties shall notify the Court of the date so as the Court may make itself available during that time as needed.