James D. Weakley, Esq.       Bar No. 082853
Brande L. Gustafson, Esq.    Bar No. 267130
WEAKLEY & ARENDT
A Professional Corporation
5200 N. Palm Avenue, Suite 211
Fresno, California 93704
Telephone: (559) 221-5256
Facsimile:   (559) 221-5262
Jim@walaw-fresno.com
Brande@walaw-fresno.com

Attorneys for Defendants, County of Fresno, Deputy Chris Curtice, & Deputy Alex Riordan

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSEMARY HINOJOSA MULLINS as an individual, and as guardian ad litem for KAYLA ALICIA MULLINS (a minor),<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF FRESNO, CHRIS CURTICE, ALEX RIORDAN,<br><br>Defendants. | CASE NO. 1:21-cv-00405-KES-SAB<br><br>**STIPULATION AND ORDER TO MODIFY SCHEDULING ORDER TO GRANT LEAVE FOR SUMMARY JUDGMENT BRIEFING ON THE REMAINING CLAIMS AGAINST DEFENDANT ALEX RIORDAN**<br><br>Date: October 21, 2024<br>Time: 1:30 p.m.<br>Ctrm: 6 (7th Floor)<br>The Honorable Kirk E. Sherriff<br><br>Complaint Filed:  January 15, 2021<br>Trial Date: August 12, 2025 |

The parties, through their respective counsel, stipulate and jointly request the Court for leave for the parties to brief the claims that remain against Defendant Alex Riordan from Plaintiffs' Second Amended Complaint as part of Defendants' Motion for Summary Judgment and to move the hearing date on Defendants' Summary Judgment Motion.

Good cause exists for this requested modification as follows:

During the meet and confer process for Defendants' Summary Judgment Motion, Plaintiffs' counsel represented that they were willing to dismiss the claims against Defendant Alex Riordan so long as it did not prejudice Plaintiffs' claims against Defendants County of Fresno and Chris Curtice.  Declaration of Brande L. Gustafson ("Gustafson Decl."), paras. 2-3 & Exhs. 1 & 2. Plaintiffs' counsel even told Defendants to quote him as saying "Plaintiffs are

1 willing to dismiss the claims against Officer [Sic] Riordan BUT *without prejudice to our claims*
2 *against Curtice or the County*." Gustafson Decl., para. 3 & Exh. 2.  With these representations,
3 Defendants did not make certain arguments and modified their summary judgment motion to
4 remove arguments specific to Defendant Alex Riordan, as was made clear in footnote 2 of
5 Defendants' motion.  Gustafson Decl., para. 4; *see also* Doc. No. 51, p. 1:26-28 ("Plaintiffs
6 have indicated that they are willing to dismiss the claims against Deputy Alex Riordan ('Deputy
7 Riordan'), but without prejudice to their claims against Deputy Curtice or the County and
8 represented that they will dismiss the claims against Deputy Riordan pursuant to the Court's
9 preferred procedure. As a result, Defendants will address the claims against County and Deputy
10 Curtice based on Plaintiffs' representation.")

11 Even in following up on the status of the dismissal as to Defendant Alex Riordan on
12 September 26, 2024, nearly a month later, Plaintiffs made no indication that they were only
13 dismissing some of the claims against Defendant Alex Riordan.  Gustafson Decl., para. 5 &
14 Exh. 3.  It was not until September 27, 2024, that Plaintiffs first represented that they would not
15 be dismissing Kayla Mullins' Fourth Amendment claim against Defendant Alex Riordan.
16 Gustafson Decl., para. 6 & Exh. 4. Plaintiff wrote that Mrs. Mullins could not dismiss Kayla
17 Mullins's Fourth Amendment claim against Defendant Riordan because of concerns about how
18 it might affect Kayla's claim.   Due to this misunderstanding, the August 28, 2024 deadline for
19 filing dispositive motions had passed without including Defendant Alex Riordan in Defendants
20 County of Fresno and Chris Curtice's motion for summary judgment or in the alternative
21 summary adjudication.  Doc. Nos. 50-51.

22 On September 30, 2024, Plaintiffs circulated stipulations for dismissal of all of
23 Rosemary and Kayla Mullins' claims against Defendant Alex Riordan, except for Kayla
24 Mullins' Fourth Amendment claim under the Second Cause of Action. Defendants proposed
25 some changes, which the parties have discussed and resolved, however Defendants are still
26 waiting for the stipulation to be filed with the court.  Gustafson Decl., para. 7.

27 In lieu of pursuing *ex parte* relief for leave for Defendant Alex Riordan to be able to
28 brief any claims that remain against him, the parties have agreed to stipulate to allow briefing

on the claim(s) that remain against Defendant Alex Riordan according to the following schedule:

  **<u>Moving Brief by Defendant Alex Riordan</u>:**    **October 18, 2024**

  **<u>Opposition</u>:**    **November 1, 2024**

  **<u>Reply</u>:**    **November 8, 2024**

The parties further stipulate that the motion hearing of October 21, 2024 currently set for Defendants County of Fresno and Chris Curtice's pending motion for summary judgment, be reset to **November 18, 2024** so that Defendant Alex Riordan's summary judgment motion will be heard concurrently.

Modification of the Scheduling Order is not anticipated to affect any of the other scheduled dates.

In light of the foregoing good cause, the parties hereby stipulate and jointly request that the Court issue an order modifying the current Scheduling Order as detailed above.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: October 1, 2024    WEAKLEY & ARENDT
              A Professional Corporation

           By:   /s/ Brande L. Gustafson
               James D. Weakley
               Brande L. Gustafson
               Attorneys for Defendants, County of Fresno,
               Deputy Chris Curtice, & Deputy Alex Riordan

DATED: October 1, 2024    WAGNER LAW GROUP, PC
              LAW OFFICE OF MARK SCHALLERT

           By:   /s/ Mark Schallert (As authorized on 10/01/24)
               Nicholas J.P. Wagner
               David Douglas Doyle
               Mark Schallert

**ORDER**

IT IS SO ORDERED.

Dated:   October 2, 2024

_____
UNITED STATES DISTRICT JUDGE