# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROSEMARY HINOJOSA MULLINS, *as an individual and as guardian ad litem for K.A.M., a minor,*

Plaintiffs,

v.

COUNTY OF FRESNO, et al.,

Defendants.

Case No.  1:21-cv-00405-KES-SAB

ORDER VACATING JANUARY 28, 2026 HEARING

FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING PLAINTIFFS' PETITION FOR MINOR'S COMPROMISE

(ECF No. 100)

Currently before the Court is Plaintiff Rosemary Hinojosa Mullins's, on behalf of minor K.A.M., unopposed petition for minor's compromise. (ECF No. 100.)  The matter was referred to the Magistrate Judge for the issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Having reviewed the motion, the Court finds this matter suitable for decision without oral argument. See Local Rule 230(g).  Thus, the hearing set for January 28, 2026 will be vacated and the parties will not be required to appear at that time.  For the reasons discussed herein, the Court recommends the petition for minor's compromise be granted.

/ / /

/ / /

/ / /

1

# I.

# RELEVANT BACKGROUND

This case concerns the fatal shooting of Kenneth Mullins by the Fresno Sheriff's Office on March 6, 2020.  (ECF No. 1.)  Plaintiffs are decedent's mother, Rosemary Mullins, and his minor daughter and successor-in-interest, K.A.M.  (Id.)  K.A.M. is a female minor who was born on January 24, 2014.  (ECF No. 100, p. 6; ECF No. 100-3, Mark Schallert Declaration ("Schallert Decl."), ¶ 3.)  Plaintiff Rosemary Mullins was appointed *guardian ad litem* on January 27, 2021 by the Superior Court of California.  (ECF No. 100-8.)

This action was removed to this Court on March 12, 2021.  (Id.)  Under Plaintiffs' second amended complaint, Plaintiffs allege federal claims under to 42 U.S.C. § 1983, and state law claims for battery, negligence, wrongful death, and violation of California Civil Code § 52.1 ("Bane Act").  (ECF No. 15.)  Defendants brought a motion to dismiss and moved for summary judgment, both of which were granted in part and denied in part.  (See ECF Nos. 14, 72.)

On September 22, 2025, the parties participated in mediation with retired Judge Patrick O'Hara.  (Schallert Decl., ¶ 20.)  At the mediation, Defendants agreed to pay a lump sum of $3.125 million.  (Id. at ¶ 22.)  The parties subsequently filed a Notice of Settlement.  (ECF No. 98.)  Plaintiff K.A.M.'s *guardian ad litem* then filed the instant Motion for Approval of Minor's Compromise.  (ECF No. 100.)  Defendants do not oppose the motion.  (ECF No. 104.)

# II.

# LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors."  Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'"  Id. (quoting Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978)).  The district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel."  Id. at 1182.  The

2

fairness and reasonableness of the settlement is determined "in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id.

The Local Rules for this district provide that "[n]o claim by or against a minor . . . may be settled or compromised absent an order by the Court approving the settlement or compromise." E.D. Cal. L.R. 202(b). The purpose of requiring the Court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. Toward this end, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 230, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

E.D. Cal. L.R. 202(b)(2). Further, under Local Rule 202(c),

> [w]hen the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c). Local Rule 202 also provides guidelines regarding the disbursement of money to minors. Money or property recovered on behalf of a minor will be: "(1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the court deems proper for the protection of the minor… ." L.R. 202(e).

### III.

### DISCUSSION

Under the terms of the parties' settlement, Defendants have agreed to pay a lump sum of $3,125,000. (Schallert Decl., ¶ 22.) Plaintiff Rosemary Mullins requests that the settlement proceeds be allocated such that she and minor Plaintiff K.A.M. each receive approximately one

million dollars after the payment of attorneys' fees and costs. (ECF No. 100, p. 4.) Specifically, minor Plaintiff K.A.M. would receive $1.4 million of the gross settlement, or $1,010,000 after attorneys' fees and costs and Plaintiff Rosemary Mullins would receive $1.72 million of the gross settlement, or $1,035,000 after paying her fees and share of the costs. (Id.) Plaintiff Rosemary Mullins further requests that the minor's funds to be deposited into a locked, interest-bearing account until minor Plaintiff K.A.M. reaches the age of eighteen. The Court finds this allocation reasonable under the circumstances.

As an initial matter, the petition for approval of the settlement sets forth the information required by Local Rule 202, namely Plaintiff K.A.M's age and sex, the nature of the causes of action to be settled, the facts out of which the causes of action arose, the manner in which the settlement amount was determined, and details regarding the terms of employment of Plaintiffs' attorneys in this action. K.A.M. is a female minor who was born on January 24, 2014. This action arises out of the fatal shooting of minor K.A.M.'s father, Kenneth Mullins, by the Fresno Sheriff's Office as set forth in the second amended complaint. K.A.M. seeks damages arising from the injuries suffered by her father, along with the individual loss of her father's companionship and loss of familial relationship. The settlement was reached during a mediation under the direction of retired Judge Patrick O'Hara.

As shown in the pending motion, and upon the Court's independent review of similar cases, the minor Plaintiff's recovery in this case is reasonable in light of settlements approved for minors who suffered the loss of a parent during encounters with police officers.[1] See, e.g., Cotton ex rel. McClure v. City of Eureka, 2012 WL 3354334, at *1 (E.D. Cal. June 16, 2016) (approving minor's compromise for wrongful death of minor's father by police officers in the net amount of $2,646,765.90); S.A.C. v. Cnty. of San Diego, 2020 WL 6559139, at *5 (S.D. Cal. Nov. 9, 2020) (approving net settlement amount of $722,709.00 to minor in action involving the shooting and killing of minor's father by an officer); Ortiz v. Cnty. of Trinity, 2025 WL

---

[1] While K.A.M.'s relationship with her father differed from that found in many cases where the father was raising the child in the same household, the Court nonetheless reviewed wrongful death actions brought on behalf of minors who had lost a parent.

1735387, at *2 (E.D. Cal. June 20, 2025) (finding the net settlement amount of $300,000.00 to each minor for structured annuities arising from their father's wrongful death by officers reasonable).

In evaluating the reasonableness of the settlement, the Court also considers attorneys' fees. Courts in the Eastern District of California generally consider twenty-five percent of the recovery as the benchmark for attorneys' fees in contingency cases for minors. See Mitchell v. Riverstone Residential Grp., 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013) (collecting cases). Here, counsel for Plaintiffs was hired on a contingency basis. (ECF No. 100-10.) The minor fee agreement provides for twenty-five percent (25%) contingency fee recovery. (Id.) Counsel expects to receive $985,000.00 from the global settlement, or twenty-five percent. (ECF No. 100-2, Rosemary Mullins Declaration ("Mullins Decl."), ¶ 7.) While the amount of attorneys' fees is a consideration independent of whether the settlement amount is fair and reasonable, Robidoux, 638 F.3d at 1181-82, the Court notes that the fees to be deducted here are at the benchmark of twenty-five percent.

Lastly, the proposed method of disbursing the settlement also appears to be fair and reasonable under Local Rule 202(e). The petition proposes that Plaintiff K.A.M.'s funds be placed in a locked, interest-bearing account at Bank of the Sierra, 2450 McCall Avenue, Selma, CA 93662 until she reaches the age of eighteen. (ECF No. 100, p. 4; Mullins Decl., ¶ 8.) The Court finds this proposed method is appropriate. See Williams v. Cnty. of Monterey, 2020 WL 7342737, at *1-2 (N.D. Cal. Dec. 14, 2020) (collecting cases noting that "district courts within the Ninth Circuit commonly order that such funds be deposited into a blocked account for the minor's benefit").

Having considered the facts of the case, the minor's specific claims, and the recovery in similar cases, the undersigned finds the settlement is fair and reasonable.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the January 28, 2026 hearing for approval of the minor's compromise is VACATED.

Further, IT IS HEREBY RECOMMENDED that:

1.  The motion for the minor's compromise (ECF No. 100) be GRANTED; and

2.  Minor Plaintiff K.A.M. be awarded a net settlement amount of $1,010,000.00, to be deposited into a locked, interest-bearing account in her name at Bank of the Sierra, 2450 McCall Avenue, Selma, CA 93662 until she reaches the age of eighteen; and

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge